United States District Court
District of Pennsylvania

Hector Rodriguez
    Plaintiff,

v.

Scott Finley, Warden
Berkishier, Associate Warden
Chang, Food Service Administrator
FNU LNU, Chaplain – Religious Activities

FILED
SCRANTON
APR 29 2021
PER _____ /s/
DEPUTY CLERK

Motion seeking a Preliminary and Immediate Injunction concerning a Violation of Religious Practice and Beliefs

Hector Rodriguez, hereinafter Rodriguez, moves this Court to place an immediate injunction on the actions of the defendants that Rodriguez contends to to be in violation of his Religious Practice and Beliefs and also in violation of existing BOP Policy and Code of Federal Regulations.

pg. 1

Declaration of Facts

Ramadan commenced on April 12, 2021. Rodriguez is currently placed in the SHU pending transfer to another facility. Since Ramadan's start, Rodriguez and other "muslim" inmates participating in the observance of the Holy Month, have been continuously being served meals in violation Religious Practice and Beliefs and also in violation of the BOP's own governing Policies in regards to its "Religious Diet Programs."

In Program Statement 4700.06, Food Service Manual, Chapter 4, Religious Diet Program, Section 4 - Fasts, and Section 5 - Ramadan, it is clearly stated in express terms that "Unless Refrigeration is provided or the period between the time the bag breakfast are removed from temperature control and consumed is less than 4 hours, bag breakfasts must contain only non-perishable items, ultra high pasteurized milk, fresh fruit, peanut butter, dry cereal, etc..." This is also found in 28 CFR 548.20, Section 18, Dietary Practices, Subsection (D) Religious Fasts, in the same clear statement form.

pg. 2

Rodriguez at first spoke with Food Service Administrator Chang, during the first week of Ramadan, questioning why the change in practice from prior years. Chang responded that policy does not support passing out "breakfast bags" that contain dry cereal sealed in separate containers, cakes sealed, peanut butter sealed, etc... (Food Service has been sending breakfast meals in styrofoam trays or regular meal trays with open cereal, open cakes baked days prior, no peanut butter, no coffee except on weekends, all contrary to policy and religious practice.) Chang stated, "Show me in the policy where it states that I need to do that."

Rodriguez spoke with one of the Chaplains and brought the issue to his attention. He said he would look into it. Rodriguez has not witnessed a Chaplain walk the SHU in almost two weeks.

After a week or so of nothing taking place, Rodriguez filed an informal resolution (BP-8) looking to resolve the lapse quickly. No response has been provided yet.

On April 22, 2021, Rodriguez spoke with Associate Warden Berkishier, in charge of Programs. Rodriguez read the Program Statement to him word for word. AW Berkishier attempted to re-define the meaning of the term "non-perishable" to Rodriguez claiming that the items in the breakfast meal trays are all "non-perishable." Rodriguez rebutted his assumptions but failed to get him to commit to making sure that the policy is observed.

Prior to April 22nd, 2021, on or about April 20-21, 2021, Rodriguez placed 3 "Request to Staff" in the hands of a SHU officer to be delivered to FSA Chang, the Chaplain in charge of Religious Activities, and to Warden Scott Finley. All 3 "Request to Staff" memorandums outlined the Program Statement and requested that they act fast in correcting the error before the end of Ramadan, when urgency is somewhat moot. Rodriguez has received no response to this matter.

The Need for an Immediate Injunction

Rodriguez requests that the Court take judicial notice that the claim he has put forth at the administrative level and now here, seeking injunction, is an implemented regulation, published in the Federal Register authorizing their enforcement action.

There is also an added dimension involving a Due Process claim violation to the issue in question. No proper prior notice was given. Courts have consistently held that some kind of hearing is required at some time before a person is finally deprived of his property interests. The right to be heard "has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314; see also Sniadach v. Family Finance Corp., 395 U.S. 337 (1969).

Furthermore, "if the right to notice and hearing is to serve its full purpose, it is clear that it must be granted at a time when the deprivation can still be prevented. At a later hearing, an individual's possessions can be returned to him if they were unfairly or mistakenly taken in the first place. Damages may even be awarded him for wrongful deprivation. But no later hearing and no damage

pg. 5

award can undo the fact that the arbitrary taking that was subject to the right of due process has already occurred. This Court [The Supreme Court] has not embraced the general proposition that a wrong may be done if it can be undone." Stanley v. Illinois, 405 U.S. 645, 647, 31 L.Ed.2d 551, 556, S. Ct. 1208 (1972). Yet, this is the very stance that the BOP, through the actions of the defendants, is taking. That it can take, arbitrarily, and if inmates have the capacity and know how to contest, then they can always return the property at issue.

Conclusion

Rodriguez reserves the right to perfect this claim against the defendants once this motion for immediate injunction is granted. Deprivation must cease and desist at once.

Rodriguez also intends that this motion serve as notice to initiate claim, and requests that the Court Clerk provide him with all necessary information, i.e., civil cover sheet, and all rules civil and local pertaining to pursuing a civil suit. Rodriguez is in the SHU and his access to the law library is severely curtailed and restricted. Proof of pending case and/or deadline serves no purpose in this institution in allowing Rodriguez added time to use the services of the law library.

WHEREFORE, FOR THE REASONS STATED HEREIN, RODRIGUEZ REQUEST THAT THIS COURT TAKE JUDICIAL NOTICE OF THE FOREGOING AND GRANT IMMEDIATE INJUNCTION PRIOR TO PURSUING THIS CIVIL SUIT IN ITS ENTIRETY. MOREOVER, RODRIGUEZ IS PRO SE AND ASKS THE COURT TO CONSTRUE THIS MOTION AS SUCH.

DATED: April 26, 2021

HECTOR RODRIGUEZ
PLAINTIFF, PRO SE
REG. No. 94274-038
FCI SCHUYLKILL
P.O. BOX 759
MINERSVILLE, PA 17954

CERTIFICATE OF SERVICE
AND MAILING

I CERTIFY THAT A TRUE AND COMPLETE COPY OF THE FOREGOING MOTION WAS PLACED IN THE HANDS OF A SHU OFFICER AND INSTRUCTED TO BE PLACED IN THE HANDS OF LEGAL MAIL STAFF SO THAT THEY MAY PLACE IT IN THE HANDS OF SOMEONE IN THE HARRISBURG POST OFFICE FOR DELIVERY TO U.S. DISTRICT COURT, DISTRICT OF PENNSYLVANIA.

DATED: April 26, 2021

HECTOR RODRIGUEZ
PLAINTIFF, PRO SE

HARRISBURG PA 171
27 APR 2021 PM 1 L

Hector Rodriguez
Reg. No. 04274-038
Federal Correctional Institution Schuylkill
P.O. Box 759
Minersville, PA 17954-0759

Mailed from
Federal Correctional Institution
Schuylkill, PA

Do Not Open or
Tamper

RECEIVED
SCRANTON
APR 29 2021
_____ DEPUTY CLERK
Legal Mail

TO Clerk of Court
U.S. District Court
Middle District of Pennsylvania
235 N. Washington Ave.
P.O. Box 1148
Scranton, PA 18501-1148

18501-114845



HARRISBURG PA 171
27 APR 2021 PM 1 L

TO Clerk of Court
U.S. District Court
Middle District of Pennsylvania
235 N. Washington Ave
P.O. Box 1148
Scranton, PA 18501-1148

18501-114845

Hector Rodriguez
Reg. No. 04274-038
Federal Correctional Institution Schuylkill
P.O. Box 759
Minersville, PA 17954-0759

Mailed from
Federal Correctional Institution
Schuylkill, PA

Do not open or Tamper

RECEIVED
SCRANTON
APR 29 2021
PER _____ DEPUTY CLERK
Legal Mail